AO 442 (Rev. 5/93) Warrant for Arrest

*467213*

# United States District Court

SOUTHERN ——— **DISTRICT OF** —— DISTRICT

UNITED STATES OF AMERICA

v.

ROBERT ISSA

## WARRANT FOR ARREST

CASE NUMBER: CO - 4075-BSS

To: The United States Marshal
    and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ————— ROBERT ISSA
                                              Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with (brief description of offense)

BANK FRAUD

in violation of Title ___18___ United States Code, Section(s) ___1344___

~~CLARENCE MADDOX~~ BARRY SELTZER          ~~Clerk of the Court/Court Administrator~~ U.S. MAGISTRATE JUDGE
Name of Issuing Officer                     Title of Issuing Officer

_(signature)_                               April 11, 2000 — Ft. Lauderdale, FL
Signature of Issuing Officer                 Date and Location

BSS

Bail fixed at $ ___Pre-trial Detention___   by ___BARRY SELTZER, UNITED STATES MAGISTRATE JUDGE___
                                                Name of Judicial Officer

| RETURN |
|--------|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |
| **West Palm Beach, FL** |

| DATE RECEIVED<br>**4/11/00** | NAME AND TITLE OF ARRESTING OFFICER<br>**Edward Stubbs, Acting**<br>**US Marshal  S/D  FL** | SIGNATURE OF ARRESTING OFFICER<br>_Barry D. Golden_ |
|---|---|---|
| DATE OF ARREST<br>**4/19/00** |  | **Barry Golden, ASDUSM** |

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-5091-AEV

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

TONY ISSA, a/k/a Salim Matta,

       Defendant.

_____/

## PRETRIAL DETENTION ORDER

The Court, pursuant to 18 U.S.C. §3142, commonly known as the Bail Reform Act of 1984, hereby **ORDERS** the defendant, TONY ISSA, a/k/a Salim Matta, **DETAINED** pursuant to the provisions of Sections (e), (f), without prejudice for the defendant to present evidence to the Court in support of a bond request.

The Court specifically finds from the evidence presented on April 25, 2000, that no conditions or combinations of conditions will reasonably assure the appearance of the defendant as required and that there is a serious risk that the defendant will flee.

1



The Court makes the following findings of fact with respect to the Order for Detention:

Factors:

a)      The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.

TONY ISSA, a/k/a Salim Matta, stands charged by criminal complaint with bank fraud, in violation of 18 USC §1344.  If convicted, the defendant faces up to a maximum term of 30 years' imprisonment and a fine of up to $1 million.

b)      The weight of the evidence against the defendant.

There is bare probable cause that the defendant committed the charged offense. On March 30, 2000, co-defendant Robert Issa entered the First Union Bank in Plantation, Florida and deposited a $975,000 check made payable to Robert Issa d/b/a World Media drawn on Republic Security Bank in the name of Hialeah Park Racing, Inc.  The co-defendant requested a withdrawal of $270,000 from the deposited check.  A First Union Bank employee, unaware that there were insufficient funds for the deposited check, complied with the co-defendant's request and delivered $270,000 in cash to the co-defendant.  The co-defendant placed the cash in a briefcase and delivered it to the defendant, who had been introduced to the bank employee as a Saudi Arabian "sheik" and "prince" from whom the co-defendant was purchasing a racehorse.  The defendant departed the bank with $270,000.

While the co-defendant was still in the bank, the First Union employee then contacted Republic Security Bank and was advised that the account on which the $975,000 check was drawn contained only $250 and that Robert Issa was the sole

2

signatory on the account. The bank employee confronted the co-defendant with this information and demanded return of the $270,000. The co-defendant responded that he had deposited the necessary funds into the account earlier that day, that said deposit must not be reflected in the current balance and that he would retrieve the money from the defendant, whom he referred to as the "sheik." The co-defendant departed the bank and never returned, despite his assurances in subsequent telephone conversations that he had found the "sheik" and the money and would return to the bank with the withdrawn funds.

On April 19, 2000, law enforcement agents observed the defendant associating with Robert Issa at the Palm Beach Kennel Club. The defendant provided a resident alien identification in the name of Salim Matta as identification to law enforcement agents, but denied that he was Salim Matta and refused to state his true name once he was arrested. The defendant denied that he was Tony Issa, but a passport for Antoine Issa bearing the defendant's picture was recovered from a white Ford Excursion associated with the defendant. The defendant claimed that he could not understand English, contrary to evidence that he had been speaking English with others at the Palm Beach Kennel Club. Finally, the defendant denied that he was the person depicted in the bank surveillance photograph as the "sheik" who departed the First Union Bank with the $270,000 on March 30, 2000.

c)    The history and characteristics of the defendant.

The defendant advised Pretrial Services that he is a citizen of Lebanon, that he entered the United States five months ago and that he could not furnish a residential address. The defendant did not testify, call any witnesses or proffer any evidence

3

regarding the defendant's recent or current residential address or any employment history. On the day of his arrest, law enforcement agents recovered two separate identification documents for the defendant - a resident alien identification card in the name of Salim Matta and a passport in the name of Antoine Issa.

      d)      The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

This court finds that there are no conditions of release which will reasonably assure the appearance of the defendant if released on bail.

IT IS HEREBY **ORDERED** that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court also directs that the defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers this April 26, 2000, at West Palm Beach in the Northern Division of the Southern District of Florida.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:    AUSA Janice LeClainche
             Donnie Murrell
             U.S. Marshal
             U. S. Pretrial Services