UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6108-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
)
)
)
v. )
)
TONY ISSA, )
)
)
)
Defendant. )
_____)

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. The government is unaware of any written statements made by the defendant after being advised of his rights.

2. The following statements were made by defendant Tony Issa to FBI agents: Upon being asked if he was Tony Issa, he said no. He said he was Salim Matta, and produced an ID in that name. When asked if he was the person depicted in the bank surveillance photo which was shown to him, he said

no. After being told he needed to stay, he left the building and tried to get into a taxi cab. He said he had called the taxi, and was just going to ride in it to pick up the rest of his family. When told he was under arrest and being advised of his Miranda rights, he said he did not understand, but would like an attorney. When he was being searched pursuant to his arrest, he said that the lighter with the name Tony on it was not his, that it had been given to him for free. When asked again who he was, he said he was not Salim Matta, that his attorney knew who he was.

3. No defendant testified before the Grand Jury.

4. A copy of the defendant's criminal history will be provided as soon as received by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant have already been inspected by defense counsel at the discovery meeting which was held on May 25, 2000. The government will be providing copies of requested documents as soon as possible.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). At present, the undersigned AUSA is unaware of any Brady information.

D.  The government will disclose any payments,

        promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). At present, no government witnesses have received any benefits of this type.

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. At present, the government does not expect to be calling any such witness at trial.

F.    The defendant was not identified in a show up.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). The government expects that it will be giving specific 404B notice concerning the facts of the case of New Jersey v. Antoine Issa, 95-01-0018-1. A copy of this indictment will be provided to defense counsel with the other documents being copied.

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No contraband is involved in this indictment.

L.    The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the

   government's possession, other than a white Ford Excursion which is currently at the FBI, but is expected to be repossessed as the payments have not been made on the vehicle. The government has photos of the vehicle, and the vehicle was captured on bank surveillance cameras at the time of the offense.

 M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

 N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

 O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

 P. At the discovery conference to be scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial. In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of

Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was as specified in the indictment.

        Respectfully submitted,

        THOMAS E. SCOTT
        UNITED STATES ATTORNEY

By: *(signature)*
    STEVEN R. PETRI
    Assistant United States Attorney
    Federal Bar No. A5500048
    500 East Broward Blvd.
    Suite 700
    Fort Lauderdale, Florida 33394
    Tel: (954) 356-7255 Ex. 3599
    Fax: (954) 356-7366

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 26th day of May, 2000 to: Donnie Murrell, 400 Executive Center Drive, Suite 201, Executive Center Plaza, West Palm Beach FL 33401.

*[signature]*
Steven R. Petri
Assistant United States Attorney

6