UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>Plaintiff, )<br><br>v. )<br><br>TONY ISSA )<br><br>Defendant, ) | CASE NO: 00-6108-CR-DIMITROULEAS<br><br>**NIGHT BOX FILED**<br><br>**JUN 1 6 2000**<br><br>CLARENCE MADDOX<br>CLERK, USDC / SDFL / FTL<br>**UNITED STATES' PROPOSED JURY INSTRUCTIONS** |

The United States of America, by and through its undersigned Assistant United

States Attorney, respectfully submits the attached proposed jury instructions.

Respectfully Submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: STEVEN R PETRI
ASSISTANT UNITED STATES ATTORNEY
COURT NO. A5500048
500 E. BROWARD BLVD.
Fort Lauderdale, Florida 33301
(954) 356-7255

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered
this *19th* day of June, 2000 to: Donnie Murrell, 400 Executive Center Dr., Suite 201,
West Palm Beach, Florida 33401

STEVEN PETRI
ASSISTANT UNITED STATES ATTORNEY



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

-vs-                                    CASE NO. 00-6108-CR-DIMITROULEAS

TONY ISSA

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

## 2.1
**Duty to Follow Instructions**
**Presumption of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

## 3
## Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## 4.1
## Consideration of the Evidence
## Direct and Circumstantial
## Argument of Counsel

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

5
Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**6.1**
**Impeachment - - Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## 2.1
## Confession - - Statement
## (Single Defendant)

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

## 3
**Identification Testimony**

In any criminal case the Government must prove, of course, the identity of the Defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question? What length of time did the witness have to observe the person? What were the prevailing conditions at that time in terms of visibility or distance and the like? Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness' identification of the Defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

**4**
**Similar Acts Evidence**
**(Rule 404(b), F.R.E.)**

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant acted according to a plan or in preparation for commission of a crime or whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake.

**8**

### Introduction to Offense Instructions
### (In Conspiracy Cases)

At this time I will explain the indictment which charges 3 separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that the Defendant knowingly and willfully conspired to commit bank fraud. Count 2, charges the commission of what is referred to as a substantive offense, namely that the Defendant committed bank fraud. I will explain the law governing those substantive offenses in a moment.

First, however, as to Count 1, you will note that the Defendant is not charged in that Count with committing a substantive offense; rather, he is charged with having conspired to do so.

## 11.1
## General Conspiracy Charge
## 18 USC §371

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable

doubt is:

- <u>First</u>: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

- <u>Second</u>: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

- <u>Third</u>: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

- <u>Fourth</u>: That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be

entirely innocent when considered alone, but which is knowingly

committed by a conspirator in an effort to accomplish some object of the

conspiracy.

A person may become a member of a conspiracy without knowing

all of the details of the unlawful scheme, and without knowing who all of

the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

**Bank Fraud**
**18 USC § 1344**

Title 18, United States Code, Section 1344, makes it a Federal crime

or offense for anyone to defraud a financial institution.

The Defendant can be found guilty of that offense only if all of the

following facts are proved beyond a reasonable doubt:

First·     That the Defendant knowingly devised
           or participated in a scheme to defraud,
           or for obtaining money or property from
           First Union National Bank by means of
           false   or   fraudulent   pretenses,
           representations or promises;

Second:    That the Defendant did so willfully with
           an intent to defraud; and

Third:     That First Union National Bank was
           insured   by   the   Federal   Deposit
           Insurance Corporation.

The term "scheme to defraud" includes any plan or course of action

intended to deceive or cheat someone out of money or property by means

of false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it relates

to a material fact and is known to be untrue or is made with reckless

indifference as to its truth or falsity, and is made or caused to be made

with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud.

A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone.

## 7
## Aiding and Abetting (Agency)
## 18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt

that the Defendant was a willful participant and not merely a knowing

spectator.

## 9.1
**On or About - - Knowingly - - Willfully**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## 10-2
## Caution - - Punishment
## (Single Defendant - - Multiple Counts)


A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

## 11
## Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## 12
## Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.