UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO: 00-6108-CR-DIMITROULEAS |
| Plaintiff, ) | |
| v. ) | |
| TONY ISSA ) | **UNITED STATES' MEMORANDUM OF** |
| Defendant, ) | **LAW IN SUPPORT OF ADMISSION OF** |
| _____ ) | **404(B) EVIDENCE** |

The United States of America, by and through its undersigned Assistant United States Attorney, moves this Court to admit Federal Rule of Evidence 4040(b) evidence into the government's case in chief and in support thereof states as follow:

1.  Tony Issa is charged, along with his son Robert Issa, with conspiracy to commit bank fraud and bank fraud. The facts will show the Tony Issa and Robert Issa went to First Union Bank together. Robert Issa introduced his father as a sheik and Arabian prince, not Tony Issa. Tony and Robert Issa together obtained the $270,000 cash in $100 bills and placed in a briefcase brought into the bank by Tony Issa. Tony Issa said nothing during the transaction, but appeared to acknowledge his introduction to the bank's branch manager.

2. This was not the first time Tony Issa participated with his son in a bank fraud scheme. In 1992, Tony Issa and Robert Issa went to Prospect Park Savings Bank in Wayne New Jersey, to open a bank account. Tony Issa opened the account under the name of Ghabriel Ghafari. Robert came along to speak and translate on "Ghafari's" behalf. Tony and Robert Issa used a $16,500 Citizens First Bank teller check made



payable to Nelly Issa, Tony Issa's daughter, to open the account. Robert Issa, as in this case, misrepresented his father as someone other than Tony Issa. Tony Issa signed the necessary documents as Ghabriel Ghafari and after the required time period had passed to allow the funds to clear, came back to the bank with Robert Issa and obtained cash clearing out the account. The first time Tony and Robert Issa went to Prospect Park Savings Bank to request money they asked for $9,500 in cash and told the bank's branch manager that they needed the cash for a car auction. The next day they came back and asked for $6,580 in cash, all but clearing out the account. Thereafter, Nelly Issa went to Citizens Bank with Robert Issa claiming that she had not received the bank check. Robert Issa and Tony Issa have been indicted on these facts in a 1995 state indictment from New Jersey.

3. In the 1992 case as in the case at issue, Tony Issa worked along side his son to misrepresent his true identity, dupe the bank and claim ignorance of the fraud. In both schemes, Tony Issa refused to speak, allowing his son Robert to speak for him. In both cases Tony Issa used a false name. In both cases, the fraud was accomplished when Tony Issa and Robert Issa deposited a worthless check.

4. The 1992 bank fraud incident reasonably shows that Tony Issa knew what was going on and was not merely present as his son perpetrated a fraud on Prospect Park Savings Bank or First Union Bank. Any defense of lack of intent or knowledge is clearly contradicted by this evidence.

5. Although the conduct occurred eight years ago, it is so factually similar to the scheme, its preparation and plan, that its probative value far outweighs any undue prejudice.

## Law

This Circuit has long recognized that Federal Rule of Evidence 404(b) permits the admission of prior-bad-acts evidence to show motive, preparation, knowledge, and intent, as well as an ongoing scheme or plan. United States v. Miranda, 197 F3rd 1357, 1360 (11th Cir. 1999). Specifically as it pertains to proof of intent and knowledge, this Circuit applies a three-part test to govern the admissibility of evidence pursuant to 404(b). First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403. United States v. Lampley, 68 F.3d 1296 (11th Cir. 1995).

In United States v. Lampley, 68 F.3d 1296 (11th Cir. 1995), the defendant argued that he had been tricked by the co-defendant and articulated a "mere presence" defense in a drug case. The district court found that the 404(b) evidence showed prior drug dealings between the parties and that the offense conduct charged was not an accidental or unknowing or unwilling transaction. The court stated "this goes to show motive and intent and it goes to show knowledge and willfulness." The district court also felt that the testimony of the co-defendant as to prior dealing was sufficient to prove the prior transactions had occurred. Finally the court considered the 403 balance and held that the

3

remoteness in time (15 years) and the different type of drugs was not so unfairly prejudicial as to exclude the 404(b) testimony. The Eleventh Circuit agreed.

The Eleventh Circuit addressed this issue again in United States v. Zapata, 139 F.3d 1355 (11th Cir. 1998) and held:

> A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue. Delgado, 56 F.3d at 1365. The relevance of other crimes evidence to intent is determined by comparing the defendants state of mind in committing both the extrinsic and charged offenses. Where the state of mind required for both offenses is the same, the extrinsic crime is relevant to the charged offense. As to the second prong of the three-part test, other crimes evidence has a relatively high incremental value and is not easily excludable where the government does not have overwhelming evidence of the defendant's predisposition to commit the crime or of knowledge of such matters. United States v. Richardson, 764 F.2d 1514 (11th Cir.), cert. denied sub nom Crespo-Diaz v. United States, 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed. 2d 303 (1985). Extrinsic evidence which is "very similar" may be highly probative.

4

In a bank fraud context, a district court permitted 404(b) evidence to prove lack of intent and knowledge where the prior extrinsic evidence, though 5 years old, was similar enough to meet the 403 balance  United States v. Route. 104 F.3d 59 (5th Cir. 1997).

In this case, the defendant's conduct in misrepresenting himself in a bank fraud scheme involving checks, where his son makes all the oral representations is so similar to the 1992 case that the evidence of that conduct should come in under 404(b) as proof of intent and knowledge.

Respectfully Submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY
FL BAR NO. 343226
500 E. BROWARD BLVD.
Fort Lauderdale, Florida 33301
(954) 356-7255

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered this ⎯19th⎯ day of June, 2000 to: Donnie Murrell, 400 Executive Center Dr., Suite 201, West Palm Beach, Florida 33401

LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY

5