UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6108-CR-DIMITROULEAS

UNITED STATES OF AMERICA

        Plaintiff,

v.

TONY ISSA
a/k/a Salim Matta

        Defendant.
_____/

### PLAINTIFF'S MOTION FOR ENTRY OF
### JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

The United States moves for entry of judgment and the preliminary order of forfeiture pursuant to 18 U.S.C. §982(a)(2), 21 U.S.C. §853[1] and Fed. R. Crim. P. 32(d)(2). In support, the United States submits that:

1.    On June 21, 2000, after a trial in this matter, the jury returned a guilty verdict against Tony Issa, a/k/a Salim Matta, ("defendant") on Counts I and II of the indictment which charged defendant with conspiracy to commit bank fraud, and knowingly and willfully devising and executing a scheme to defraud monies from a financial institution (First Union Bank) by means of false and fraudulent representations, in that defendant caused the deposit of a worthless check and the withdrawal of $270,000.00 cash as part of the same transaction, in violation of Title 18 U.S.C. §1344 and 2. Additionally, defendant waived his right to a jury on the forfeiture portion of the case and stipulated before the Court to a $270,000.00 forfeiture judgment as alleged in the indictment.

---

[1] 18 U.S.C. §982(a)(6)(B) incorporates the provisions of 21 U.S.C.§853.



The $270,000.00 representing the amount of proceeds which defendant obtained directly or indirectly from the bank fraud offenses for which he was convicted.

2. Rule 32 (d)(2), Federal Rules of Criminal Procedure allows this Court to enter a preliminary order of forfeiture at any time after accepting a guilty plea or the return of a guilty verdict.

3. Title 21 United States Code §853 (g), provides.

> Upon entry of an order of forfeiture under this section the court <u>shall</u> authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to, or derived from, an enterprise or an interest in an enterprise which has been ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties. (Emphasis added).

4. Pursuant to 21 U.S.C. §853(g) and Fed. R. Crim. P. 32(d)(2), the United States requests that the Court enter the attached-preliminary order of forfeiture.

### ASSET SOUGHT TO BE FORFEITED

5. Accordingly, the United States requests that this Court enter an order forfeiting $270,000.00 representing the defendant's interest in the proceeds obtained directly or indirectly from the bank fraud offenses for which he was convicted.

### NOTIFICATION PROCEDURE

6. After the entry of the judgment and preliminary order of forfeiture, the United States shall promptly commence the notification and publication process required by 21 U.S.C. §853(n)(1).

If any third party claims or petitions are filed with the Court within the applicable period, the United States shall apply to the Court to take the deposition of witnesses, and request documents, books and records, relating to the forfeited property, pursuant to 21 U.S.C. §853(m).

7.  The Court has broad powers to take whatever steps are necessary to protect the interests of the United States and any interested parties in property forfeited pursuant to 21 U.S.C. §853(e). Pursuant to Federal Rule of Criminal Procedure 32(d)(2), the judgment and preliminary order of criminal forfeiture shall authorize the Attorney General to seize all the interest or properties subject to forfeiture, upon such terms and conditions as the court shall deem proper. United States v. Conner, 752 F.2d 566, 577 (11th Cir.), cert denied, 474 U.S. 821 (1985).

**WHEREFORE**, the United States requests the entry of the attached Judgment and Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. §982 and 21 U.S.C. §853.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
STEVEN R. PETRI
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7314, ext. 3599
FAX: (954) 356-7230
Bar No. A550048

3

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was provided this 23rd day of June, 2000, to

Larry Donald Murrell, Jr.
400 Executive Center Drive
Suite 201
West Palm Beach, FL 33401

STEVEN R. PETRI.
ASSISTANT U.S. ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6108-CR-DIMITROULEAS

UNITED STATES OF AMERICA

        Plaintiff,

v.

TONY ISSA
a/k/a Salim Matta

        Defendant.
_____/

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**THIS CAUSE** is before the Court upon the motion of the United States for entry of the judgment and preliminary order of forfeiture and upon the guilty verdict returned by the jury against Tony Issa a/k/a Salim Matta ("Defendant") as to Counts I and II of the Indictment which charged Defendant with conspiracy to commit bank fraud, and knowingly and willfully devising and executing a scheme to defraud monies from a financial institution (First Union Bank) by means of false and fraudulent representation, in that defendant caused the deposit of a worthless check and the withdrawal of $270,000.00 cash as part of the same transaction. Additionally, defendant waived his right to jury trial on the forfeiture portion of the case and stipulated before the Court to a $270,000.00 forfeiture judgment, as alleged in the indictment, representing the amount of proceeds which defendant obtained directly or indirectly from the bank fraud offenses. This Court has reviewed the motion, the guilty verdict and the record in this cause, specifically as to defendant's agreement to the $270,000.00 judgment, and this Court being otherwise fully advised finds that there is substantial evidence supporting the forfeiture of the

Defendant's rights, title and interest in the property described below. It is hereby,

**ORDERED and ADJUDGED** that all of the Defendant's rights, title and interest in $270,000.00 in United States currency representing the proceeds which defendant derived directly or indirectly from the bank fraud offenses in Count I and II of the indictment, are forfeited to the United States of America pursuant to 18 U.S.C. §982 and 21 U.S.C. §853.

**ORDERED and ADJUDGED** that this order shall serve as a judgment in favor of the United States of America regarding all of the defendant's rights, title and interest in the above property, and the United States of America shall immediately seize the asset set forth above, if necessary, to protect the interests in the property ordered forfeited by providing a copy of this order to any person or entity which has possession of or jurisdiction over the forfeited property and by taking all steps necessary and appropriate to protect the interests of the United States of America, including the taking of actual possession and custody.

It is further,

**ORDERED and ADJUDGED** that following the entry of this Order pursuant to 21 U.S.C. §853 (n)(1), the United States will provide, to the extent practicable, written notice to all third parties known to be asserting a legal interest in any of the above described property and shall publish notice of this Order and the intent of the United States to dispose of the property in such manner as the Attorney General may direct. Within thirty (30) days following the expiration of the petition period described in the 21 U.S.C. §853(n)(1), the Court shall hold a status conference with all petitioners present for the purpose of setting tentative dates for the ancillary hearings regarding the claims of the petitioners and determining whether such hearings should be consolidated pursuant to 21 U.S.C.

§853(n)(4). Five (5) days prior to the hearing, which shall be set by separate order, all petitioners and the United States shall file a joint status report specifying their respective positions on the above matters.

It is further,

**ORDERED and ADJUDGED** that if no claims are filed within the petition period described in 21 U.S.C. §853(n)(2), upon the filing by the United States of a Notice of Publication the above described property shall be deemed forfeited and title vested in the United States of America in accordance with 18 U.S.C. §982 and 21 U.S.C. §853(n)(7).

**DONE and ORDERED** at Fort Lauderdale, Florida this _____ day of June, 2000.

                                                                           _____
                                                                           HONORABLE WILLIAM P. DIMITROULEAS
                                                                           UNITED STATES DISTRICT JUDGE

cc:  AUSA Steven R. Petri
       AUSA William H. Beckerleg, Jr.
       Larry D. Murrell, Jr.
       (Counsel for Defendant)

3